**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC FLOYD**, | : | **CIVIL ACTION NO. 1:03-CV-1795** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| Defendant | : | |

**ORDER**

AND NOW, this 6th day of October, 2006, upon consideration of plaintiff's motion (Doc. 89) for leave to file a second amended complaint to add further allegations of religious discrimination (see Doc. 89, Ex. A ¶¶ 51-58), and it appearing that the facts relevant to the new allegations were known to plaintiff in 2004 (see Doc. 89), that plaintiff does not offer any justification[1] for his delay in requesting leave to amend the complaint until August 16, 2006, see Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 171-73 (3d Cir. 2001) (discussing undue delay as a grounds for denying leave to amend), and that defendants would be unduly prejudiced by an amendment because the discovery and dispositive motion deadlines have lapsed (see Doc. 88), see Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (citing prejudice to the non-moving party as "the touchstone for the denial of an amendment"), and it further appearing that amendment would be

---

[1] Although plaintiff cites the "late entry of counsel coupled with the difficulty in communicating with an inmate client" as justification for the delay, plaintiff's counsel entered his appearance more than ten months before filing the instant motion. (See Docs. 96, 79.)

futile because plaintiff has failed to exhaust administrative remedies for the claims he seeks to add,[2] see 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative remedies before filing claims related to prison conditions in federal court); see also Porter v. Nussle, 534 U.S. 516, 525 (2002) (stating that exhaustion requirement of § 1997e was intended to "afford[] corrections officials time and opportunity to address complaints internally" and to provide "an administrative record that clarifies the contours of the controversy"), it is hereby ORDERED that the motion to file a second amended complaint (Doc. 89) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] An affirmative defense such as administrative exhaustion is generally not considered in the context of a motion for leave to amend. See Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196 (3d Cir. 1994) (discussing futility); see also Wolfgang v. Smithers, 2006 WL 2547046, at *3 (M.D. Pa. Sept. 1, 2006) (discussing administrative exhaustion as an affirmative defense). However, when the affirmative defense "clearly appears on the face of the [proposed amended] pleading," Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994), the court may rely on the defense to support a finding of futility. See Lundy, 34 F.3d at 1196.